NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2877-15T2

JOHN PAFF,

 Plaintiff-Appellant,

v.

NEW JERSEY STATE POLICE,
THOMAS PRESTON in his
capacity as Custodian of
Records for the New Jersey
State Police, NEW JERSEY
DIVISION OF CRIMINAL JUSTICE
AND ROBERT MCGRATH, in his
capacity as Records Custodian
for the New Jersey Division
of Criminal Justice,

 Defendants-Respondents.
_______________________________

 Argued July 25, 2017 – Decided August 7, 2017

 Before Judges Reisner and Suter.

 On appeal from the Superior Court of New
 Jersey, Law Division, Mercer County, Docket
 No. L-1984-15.

 Michael J. Zoller argued the cause for
 appellant (Pashman Stein Walder Hayden,
 attorneys; CJ Griffin, of counsel; Mr. Griffin
 and Meghan Gorman Cohen, on the brief).

 Suzanne Davies, Deputy Attorney General,
 argued the cause for respondents (Christopher
 S. Porrino, Attorney General, attorney; Lisa
 A. Puglisi, Assistant Attorney General, of
 counsel; Daniel M. Vannella, Deputy Attorney
 General, of counsel; Mr. Vannella and Ms.
 Davies, on the brief).

PER CURIAM

 Plaintiff John Paff appeals from a February 5, 2016 order

denying his application - to compel defendants to produce certain

investigatory records, or alternatively seeking a Vaughn1 index or

in camera review of the documents - and dismissing his complaint
 2
based on the common law. Our review of the trial court's

decision is de novo. Drinker Biddle & Reath L.L.P v. N.J. Dep't

of Law & Pub. Safety, 421 N.J. Super. 489, 497 (App. Div. 2011).

After reviewing the record in light of that standard, we affirm.

 Plaintiff's record request asserted that plaintiff had heard

rumors that a particular county sheriff might be under

investigation for "some sort of impropriety." Plaintiff expressed

an interest in posting information about the investigation on his

internet blog, in order to inform the public as to the outcome

1
 Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973).
2
 At oral argument of this appeal, plaintiff's counsel advised us
that plaintiff is seeking a Vaughn index or an in camera review
of documents, but is not seeking either the names of witnesses or
copies of their statements. He conceded that if existing
investigatory documents consisted only of witness statements,
there would be no need for an in camera review or a Vaughn index,
because the statements would not be subject to disclosure.

 2 A-2877-15T2
of the investigation. Plaintiff applied to the county prosecutor,

the State Police and the Division of Criminal Justice (DCJ),

seeking "[a] copy of each document in your agency's files regarding

the investigation[,]" based on his expressed concern about whether

those agencies had "conducted a reasonable investigation[.]"

 The State Police confirmed that the records plaintiff sought

were "part of a criminal investigation and include[d] two

investigation reports." Both the State Police and DCJ declined

to provide further information, asserting that the documents were

exempt from the Open Public Records Act (OPRA), N.J.S.A. 47:1A-

1.1, and that the State's interest in the confidentiality of

criminal investigatory records outweighed plaintiff's expressed

common-law interest in access to the records. Plaintiff filed

suit asserting only rights under the common law, and asserting for

the first time that the alleged misconduct concerned "sexual

impropriety."3

3
 Other than plaintiff's complaint, no documents in the record
presented to us indicate what type of alleged "impropriety" was
involved in the investigation. At oral argument in the trial
court, the State declined to disclose the subject matter of the
investigation. The State also advised the judge that it was not
"in a position to state whether the investigation [was] open or
closed." The trial judge's opinion assumed the truth of
plaintiff's assertion that the investigation involved alleged
sexual harassment, and the trial court's order referred to "alleged
sexual misconduct."

 3 A-2877-15T2
 After considering the factors set forth in Loigman v.

Kimmelman, 102 N.J. 98, 113 (1986), Assignment Judge Mary C.

Jacobson determined that plaintiff's interest in discovering the

thoroughness of the investigation, was outweighed by the following

factors: DCJ's interest in the confidentiality of its criminal

investigation; the privacy interests of "any witnesses who gave

testimony in the investigation, [including] other law enforcement

officers or victims of sexual harassment"; and the sheriff's

privacy interest against disclosure of an investigation that had

not resulted in an indictment or in the filing of any charges.

 The judge credited defendants' argument that releasing

criminal investigation reports could result in reprisals against

witnesses - or could cause them embarrassment by making public

personal details they expected to remain confidential - and could

chill the willingness of witnesses to come forward in future

investigations. Judge Jacobson also concluded that, "a Vaughn

index is not even warranted, because the balance tips so heavily

in favor of the law enforcement defendants in this case."

 We affirm, substantially for the reasons stated in the judge's

December 8, 2015 oral opinion. We add these comments.

 After Judge Jacobson issued her opinion, another panel of

this court decided North Jersey Media Group, Inc. v. Bergen County

Prosecutor's Office, 447 N.J. Super. 182 (App. Div. 2016), and our

 4 A-2877-15T2
Supreme Court decided North Jersey Media Group, Inc. v. Township

of Lyndhurst, __ N.J. __ (2017). We conclude that Bergen County

Prosecutor's Office is pertinent here, because the case involved

a citizen inquiry about an investigation that had either never

occurred, or had occurred but did not result in the filing of any

charges. Bergen Cty. Prosecutor's Office, supra, 447 N.J. Super.

at 189. The prosecutor's office there declined to confirm or deny

the existence of an investigation, and the court held that such

disclosure was not required under either OPRA or the common law.

Id. at 209-12. The principles discussed in the case are relevant

here: in an investigation of the type presented in that case, and

here, the privacy and reputational interests of the person under

investigation, the security of witnesses, and the interests of law

enforcement in obtaining the cooperation of witnesses, outweigh

the inquirer's generalized interest in making sure that all

criminal investigations are conducted thoroughly. Id. at 203-04.

"It does not constitute a clear showing of . . . public need to

say only[,]" as plaintiff does here, "that there may be something

corrupt that should be exposed for the benefit of the public."

Loigman, supra, 102 N.J. at 108.

 We cannot agree with plaintiff that Lyndhurst compels a

different result. In Lyndhurst, the Court clarified the

application of the common law to requests for law enforcement

 5 A-2877-15T2
investigation records. In addressing a case involving the shooting

of a suspect by the police, the Court concluded that the Attorney

General's interest in the integrity of the investigation

outweighed the interest of a news organization in seeking

information about the investigation. The Court held that "the

danger to an ongoing investigation would typically weigh against

disclosure of detailed witness statements and investigative

reports while the investigation is underway, under both OPRA and

the common law." Lyndhurst, supra, ___ N.J. ___ (slip op. at 4).

 However, the Court also observed that disclosure of dash-cam

videos of a police shooting were of great interest to the public,

and their disclosure was less likely to compromise an investigation

than disclosure of witness statements or police reports. Based

on the public's strong interest in the proper investigation of

police shootings, the Court determined that once law enforcement

has interviewed the principal witnesses to the shooting, the

public's interest in disclosure of those police dash-cam videos

would outweigh the State's interest in confidentiality under the

common law. Id. at __ (slip op. at 48).

 Lyndhurst addressed a case in which the central event was

publicly known - the police shot and killed a civilian - and it

involved a matter of enormous public interest. By contrast, this

case involves a rumor (apparently disseminated by plaintiff

 6 A-2877-15T2
himself through his blog) about some possible impropriety, which

has thus far resulted in no arrest, criminal charge, or indictment,

nor even a civil complaint by anyone claiming to have been

subjected to improper conduct. We agree with plaintiff that the

public has a strong interest in ensuring the integrity of law

enforcement agencies and officers, but the invocation of that

general interest here does not outweigh DCJ's interest in the

confidentiality of its investigation. See Bergen Cty. Prosecutor,

supra, 447 N.J. Super. at 210-12.

 Affirmed.

 7 A-2877-15T2